UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
WILLIAM S. SOH,

                     Plaintiff,

            - against -

JUSTICE RUDOLPH E. GRECO JR.;
WILLIAM A. SANTMYER, ESQ.; ALAN
WEINREB, ESQ., and DOES 1 THROUGH
100, Inclusive,

                     Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3354 (PKC) (LB)

PAMELA K. CHEN, United States District Judge.

      On June 7, 2022, Plaintiff William S. Soh, proceeding *pro se*, filed this civil rights action against Defendants Justice Rudolph E. Greco, Jr., and attorneys William A. Santmyer and Alan Weinreb. (Complaint ("Compl."), Dkt. 1.) Plaintiff has paid the filing fee to commence this action. As set forth below, the Complaint is dismissed with prejudice against Justice Greco for being frivolous and shall proceed as to the remaining Defendants.[1]

## BACKGROUND

      Plaintiff alleges that his civil rights were violated in connection with a judgment of foreclosure for property located at 159-18 46th Avenue in Flushing, New York, Plaintiff's residence at the time. The foreclosure proceeding was filed by Defendant Santmyer on behalf of his client in 2014 in New York State Supreme Court, County of Queens, under Index No. 705969/2014. (Compl., Dkt. 1 at ECF[2] 5.) Justice Greco presided over the case. (*Id.* at ECF 5–

---

[1] Counsel for Defendant Weinreb filed a letter on July 5, 2022, requesting a premotion conference for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Dkt. 7.) The Court will respond separately to this request for a premotion conference.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

6.) The judgment of foreclosure and sale was entered on April 28, 2018, and the property was sold on January 3, 2019. (*Id.* at ECF 37, 6.) Plaintiff seeks damages "in excess of 5-Million Dollars." (*Id.* at ECF 17.)

## DISCUSSION

### I.   Legal Standards

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 680). But the Court need not accept a complaint's "legal conclusions" as true. *Iqbal,* 556 U.S. at 678. In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "A frivolous action advances 'inarguable legal conclusions' or 'fanciful factual allegations.'" *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## II.     Plaintiff's Claims Against Justice Greco are Dismissed as Frivolous

Plaintiff's Complaint cannot proceed against Justice Greco.  Plaintiff's allegations against Justice Greco are based solely on actions taken in his judicial capacity, such as ruling on a summary judgment motion and entering a judgment of foreclosure in the state court foreclosure proceeding. (Compl., Dkt. 1 at ECF 5–6).  It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11.  Nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).  Contrary to Plaintiff's contention that the "Judge Lacks Immunity," (*see* Compl., Dkt. 1 at ECF 14), Justice Greco is entitled to absolute immunity. *See Mireles*, 502 U.S. at 11.  Thus, the Court dismisses as frivolous any claims against Justice Greco arising from his actions taken in his judicial capacity. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke*, 490 U.S. at 327).

## CONCLUSION

For the reasons stated herein, the Court dismisses the Complaint with prejudice as to Justice Greco in light of his judicial immunity.  The Complaint shall proceed against the remaining Defendants.  Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good

3

faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 5, 2022
      Brooklyn, New York