UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
WILLIAM S. SOH,

                Plaintiff,

           -against-

WILLIAM A. SANTMYER, ESQ. and
ALAN WEINREB, ESQ.,

                Defendants.
-----------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3354 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

    Plaintiff William S. Soh, proceeding *pro se*, filed this action against Justice Rudolph E. Greco, Jr.[1] and Defendants William A. Santmyer, Esq. and Alan Weinreb, Esq. ("Defendants") on June 7, 2022, asserting, *inter alia*, claims under 42 U.S.C. § 1983, the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and various state tort law claims for violations arising out of a purportedly fraudulent foreclosure of a residential property. (Compl., Dkt. 1.)[2] Now before the Court is Defendant Weinreb's unopposed motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendant Weinreb's motion to dismiss.

## BACKGROUND

### I. Factual Background

    Plaintiff's Complaint is filled with conclusory statements about the alleged fraud and other misconduct perpetrated by Defendants in the course of finalizing the terms of his mortgage

---

[1] The Court *sua sponte* dismissed Justice Greco as a party from this case on July 5, 2022 on the basis of judicial immunity. (*See* July 5, 2022 Memorandum & Order, Dkt. 8.)

[2] As discussed *infra*, no proof of service has been filed as to Defendant Santmyer, a procedural defect that Plaintiff must fix if he wishes to proceed with this matter as to Santmyer.

1

agreement and securing a foreclosure judgment against him.  (*See generally* Compl., Dkt. 1.)  However, the Complaint does not provide certain essential background facts about the underlying state court foreclosure proceeding.  Therefore, the facts recounted below are drawn not only from the Complaint, but also from the underlying state court documents that were referenced in, attached to, and thereby incorporated into the Complaint.[3]

On May 16, 2006, Plaintiff executed a mortgage encumbering a residential property (the "Property"), located at 159-18 46th Avenue, Flushing, New York, as security for a loan of $504,000.  (Compl., Ex. A, Dkt. 1, at ECF[4] 20–21.)  Plaintiff defaulted on the mortgage on April 1, 2009.  (*Id.* at ECF 30.)  In August 2014, U.S. Bank, National Association ("U.S. Bank") through its agent, Nationstar Mortgage LLC ("Nationstar"), filed a lawsuit in the Supreme Court of the State of New York, Queens County, seeking foreclosure of the Property.  (*Id.* at ECF 20–26.)  On April 28, 2018, Justice Greco issued a judgment of foreclosure and sale of the Property.[5]  (Compl.,

---

[3] A district court evaluating a motion to dismiss may consider the following documents beyond the plaintiff's complaint:

> (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint . . . , (3) documents that, although not incorporated by reference, are 'integral' to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.

*Doroz v. DeIorio's Foods, Inc.*, 437 F. Supp. 3d 140, 149 (N.D.N.Y. 2020) (collecting binding authorities); *see also Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (holding that federal courts may "take judicial notice of relevant matters of public record").

[4] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[5] In his Complaint, Plaintiff lists the date of the state court's foreclosure order as "04-28-2016," but Exhibit C to his Complaint is stamped as filed and recorded as "APR 28, 2018." (Compl., Dkt. 1, at ECF 6, 37.)  The Court understands April 28, 2018 to be the correct date for the foreclosure order, while noting that this discrepancy is immaterial for the purposes of the Court's analysis on this Rule 12(b)(6) motion.  The Court also notes that the foreclosure order states that the lawsuit to foreclose on the property was initiated on August 24, 2014 (*see id.*),

2

Ex. C., Dkt. 1, at ECF 37.) The Property was sold on January 3, 2019. (Compl., Dkt. 1, at ECF 6.) On October 11, 2019, Defendant Weinreb filed a holdover petition in housing court on behalf of his client U.S. Bank, as part of eviction proceedings against Plaintiff. (*Id.*; *see also id.*, Ex. E, Dkt. 1, at ECF 52.)

## II. Procedural History

Plaintiff filed the instant action on June 7, 2022, alleging that Defendants altered and forged the original mortgage agreement that Plaintiff agreed to in order to misrepresent Plaintiff's agreement with his lender. (Compl., Dkt. 1, at ECF 3–4.) Plaintiff also claims that "[t]he bank changed the cost and the risk of the alleged loan" and that the loan was improperly recorded by the bank "as an unauthorized loan from me to the bank." (*Id*. at 4.) Plaintiff seeks damages "in excess of 5-Million Dollars." (*Id.* at 17.)

As noted, on July 5, 2022, the Court *sua sponte* issued an order dismissing Justice Greco from this case on judicial immunity grounds. (July 5, 2022 Memorandum & Order, Dkt. 8, at 3.) Defendant Weinreb filed a pre-motion conference letter also on July 5, 2022, requesting leave to file a motion to dismiss this case on Rule 12(b)(6) grounds. (*See* Dkt. 7.) The Court denied the request for a conference as unnecessary, and instead directed the parties to brief the motion. (7/5/2022 Docket Entry.) Defendant Weinreb timely filed his motion on July 14, 2022. (Def.'s Mot. Dismiss, Dkt. 12.)

When Plaintiff failed to submit his opposition brief by the Court's deadline, the Court *sua sponte* extended the deadline to September 7, 2022. (8/17/2022 Docket Entry.) In granting that extension, the Court warned Plaintiff that if he failed to abide by the new deadline, the Court would

---

although the verified complaint is dated August 21, 2014 (*see* Compl., Ex. A, Dkt. 1, at ECF 25–26). This inconsistency also carries no weight as to the outcome of this motion to dismiss.

3

deem Defendant Weinreb's motion to be unopposed. (*Id.*) On September 15, 2022, the Court noted that Plaintiff had not filed an opposition. (9/15/2022 Docket Entry.) To date, Plaintiff has not submitted an opposition brief to Defendant Weinreb's motion to dismiss. The Court therefore deems Defendant Weinreb's motion to be unopposed.

## LEGAL STANDARDS

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

"When considering motions to dismiss a *pro se* complaint . . . 'courts must construe the complaint broadly[.]'" *Weixel v. Bd. of Educ. City of New York*, 287 F.3d 138, 145–46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (A "*pro se* complaint . . . is interpreted to raise the strongest claims that it suggests.") (cleaned up). Furthermore, "a *pro se* complaint, however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). But even under this liberal standard, a court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavias v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

### I. Plaintiff has Failed to State a Claim Upon Which Relief May be Granted

Plaintiff's Complaint alleges that Defendants violated the Due Process clause, and engaged in forgery, wrongful foreclosure, breach of contract, real estate deed fraud, a conspiracy to commit real estate deed fraud, and obstruction of justice. (Compl., Dkt. 1, at ECF 8–10.) Plaintiff also alleges violations of the FDCPA and TILA. (*Id.*) Finally, the Complaint includes passing references to "negligent/reckless" conduct, slander of title, slander of credit, and intentional infliction of emotional distress, all in connection with the allegedly fraudulent loan agreement and foreclosure proceeding, not the subsequent eviction. (*Id.* at ECF 11–13.)[6]

However, the factual allegations as to Defendant Weinreb are insufficient to state a claim as to any of these causes of action. In his motion to dismiss, Defendant Weinreb argues that "[t]here is no possible way for this Court to infer wrong doing [sic] by Weinreb . . ." because "[t]here are no allegations in Soh's Complaint against [him]," and notes that few paragraphs in the

---

[6] Plaintiff's claims for conspiracy to commit real estate deed fraud and obstruction of justice also fail because there are no private causes of action for these criminal charges. *See McCain v. Buffalo Wild Wings*, No. 11-CV-142 (JGM), 2013 WL 6825098, at *2 (D. Vt. Dec. 23, 2013) ("[O]bstruction of justice 'is a criminal charge that does not provide a private cause of action.'") (quoting *De Haven v. Schwarzenegger*, 123 F. App'x 287, 289 (9th Cir. 2005)); *see also Nath v. Select Portfolio Serv., Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) ("[N]o private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action.").

Complaint even mention Defendant Weinreb's name. (Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem."), Dkt. 13, at 4.)

It is true that Defendant Weinreb's name appears in the Complaint only three times:

- "On 10-11-19, **Alan Weinreb**, Esq. of The Margolin & Weinreb Law Group, LLP filed a Holdover Petition in the NYC CIVIL COURT: COUNTY OF QUEENS: HOUSING PART under Index No: 67709/2019. (See Exhibit 'E')." (Compl., Dkt. 1, at ECF 6 (emphasis added).) [7]
- "The third defendant is **Alan Weinreb**, Esq." (*Id.* at ECF 8 (emphasis added).)
- "As a result of these actions by Justice Rudolph E. Greco, Jr.; William A. Santmyer, Esq. of DAVIDSON KINK LLP; and **Alan Weinreb**, Esq., of THE MARGOLIN & WEINREB LAW GROUP, LLP[,] I have suffered . . . lost income . . . [and] intense anxiety attacks with a loss of sleep." (*Id.* at ECF 14 (emphasis added).)

Thus, as to Defendant Weinreb, the allegations in the Complaint amount to: (1) a statement that Weinreb filed a document against Plaintiff in housing court, (2) naming Weinreb as a defendant in this action, and (3) a summary conclusion that Weinreb caused Plaintiff injury in the form of lost income and intense anxiety attacks. (*Id.* at ECF 6, 8, 14.) There are no allegations in the Complaint about Weinreb's role in the foreclosure proceeding or the origination of the loan.

Since all of the causes of action in this lawsuit are connected to the foreclosure proceeding and the allegedly fraudulent loan—rather than to the eviction proceeding that Weinreb participated in as an attorney—Plaintiff has put forth no allegations to support a claim against Weinreb. Although Plaintiff's allegations must be construed broadly and liberally in light of his *pro se* status, the Court "cannot invent factual allegations that [the *pro se* plaintiff] has not pled." *Chavias*, 618 F.3d at 170. Therefore, even if these allegations are viewed in the light most favorable to Plaintiff,

---

[7] Defendant Weinreb's name also appears in Exhibit E to the Complaint, which is a notice to Plaintiff about a hearing scheduled pursuant to a petition filed by Defendant Weinreb in housing court. (Compl., Dkt. 1, at ECF 52.) The only reference to Weinreb in this document is as the attorney who filed the petition. (*Id.*)

these claims do not establish "more than a sheer possibility that [Weinreb] has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The Complaint also mentions purported misconduct by "defendants" and "attorneys" on several occasions, without explaining which Defendants the Complaint is referring to. For example, Plaintiff alleges that "the defendants violated the F.D.C.P.A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party" and that "attorneys are misrepresenting themselves as working for a lender when they are illegally collecting as a 3rd party debt collector in violation of the F.D.C.P.A." (Compl., Dkt. 1, at ECF 5, 11). However, these allegations do not make clear which of the attorneys or Defendants allegedly engaged in these actions. That lack of clarity makes Plaintiff's allegations too vague and conclusory to state a claim for FDCPA liability. *See Bravado Int'l. Grp. Merch. Servs., Inc. v. Ninna. Inc.*, 655 F. Supp. 2d 177, 197 (E.D.N.Y. 2009) ("[E]ven if it is assumed that plaintiff's bare allegations set forth a wrongful injury . . ., it is unclear which defendant or defendants are alleged to have caused such harm. Plaintiff's claim is therefore too vague and conclusory to allege . . . liability."). Nor does the Complaint set forth any factual allegations to support the vague, conclusory assertions of misconduct by attorneys Weinreb or Santmyer. For similar reasons, the Court finds the Complaint's general allegations about "attorneys" or "defendants" allegedly violating TILA (Compl., Dkt. 1, at ECF 4, 7), and engaging in a "scheme to defraud" (*id.* at ECF 6), to be too vague and conclusory to sustain these claims against Defendant Weinreb because the allegations fail to specify what actions, if any, he took.

Accordingly, the Court finds that the lawsuit against Defendant Weinreb should be dismissed under Rule 12(b)(6) as Plaintiff has failed to state a claim against this Defendant.

## II.     Leave to Amend

The Second Circuit has cautioned district courts to "not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted). However, if a complaint is dismissed on Rule 12(b)(6) grounds and "it appears that granting leave to amend is unlikely to be productive," then "it is not an abuse of discretion to deny leave to amend." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)). "One appropriate basis for denying leave to amend is that the proposed amendment is futile." *Id.; see also Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("[L]eave to amend need not be granted where the proposed amendment would be futile.").

Here, the Court has found that Plaintiff's allegations have failed to state a claim against Defendant Weinreb under Rule 12(b)(6). Although Plaintiff's Complaint focuses on purported fraud connected to the terms of his mortgage loan and the subsequent foreclosure judgment against him, Plaintiff only alleges that Weinreb was involved in the eviction proceeding, and does not allege any role for Weinreb in the loan origination and foreclosure proceedings. Yet, the Court cannot conclude that Weinreb played no role, based only on the silence in the Complaint as to Weinreb's role in the mortgage loan and foreclosure judgment. Although it would be futile to allow Plaintiff to replead if the "proposed amendment [were] directly contradicted by the document[s] on which" Plaintiff relies and refers to in the Complaint, *see Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 704 F. Supp. 2d 269, 277 (W.D.N.Y. 2010), there would be no direct contradiction in this case. Although Defendant asserts that he "has no connection to the [l]oan origination, or completed foreclosure of the [m]ortgage" (*see* Def.'s Mem., Dkt. 13, at 4), the Court cannot find, relying solely on Defendant's assertions, that Plaintiff would be unable to

8

state a claim against Defendant if given the opportunity to amend his Complaint. *See Toth ex rel. Toth v. Bd. of Educ., Queens Dist. 25*, No. 07-CV-3239 (SLT) (JO), 2008 WL 4527833, at *4 (E.D.N.Y. Sept. 30, 2008) ("[T]he Court cannot assume the truth of the affirmative allegations contained in defendants' answer."). The Court therefore concludes that it would not be futile to allow Plaintiff to amend his Complaint with respect to Defendant Weinreb.

Accordingly, the Court grants Plaintiff thirty (30) days leave to amend his Complaint to replead his claims against Defendant Weinreb.

### III.   Proof of Service Required as to Defendant Santmyer

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the [district] court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "In determining whether a plaintiff has shown good cause, courts [should] weigh the plaintiff's reasonable efforts and diligence [to serve the complaint] against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

Here, there is no indication on the docket that Plaintiff has served the summons and Complaint upon Defendant Santmyer as required by Rule 4(m).[8] Accordingly, the Court *sua sponte* extends the deadline for Plaintiff to properly serve Defendant Santmyer. Within thirty (30) days of this Order, Plaintiff must either file proof of timely service upon Defendant Santmyer or

---

[8] There is also no indication that Defendant Weinreb was served, despite the appearance of Weinreb's counsel and his motion to dismiss.

9

explain to the Court why there is good cause to excuse his failure to do so. Failure to abide by this Order will result in dismissal of Plaintiff's lawsuit against Defendant Santmyer.

## CONCLUSION

For the reasons explained above, the Court dismisses the Complaint as to Defendant Weinreb, while granting Plaintiff thirty (30) days leave to amend. Furthermore, Plaintiff has thirty (30) days to either file proof of service upon Defendant Santmyer or show good cause for failing to do so.

SO ORDERED.

*/s/Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 12, 2022
      Brooklyn, New York